3.14.0523 Barbara McGrath, Appellant by John Ridge v. The City of Kankakee, Appellee by L. Patrick Howard Good morning, your honors, and Mr. Power. If it pleases the court, I'm John Ridge. I represent Barbara McGrath and other people passing through the county of Kankakee who are similarly situated. Basically, this is a two-count complaint, first count, alleged that the statute that was passed in probably 2003 is unconstitutional on its face. It's basically to pass this type of statute, and we gave you the site in the vehicle code that's 625 ILCS 5-8-207. Basically under that statute, it says that all the laws and traffic laws have to be uniform throughout the state. And to the extent you want to, for example, the municipality or the city of Kankakee really wants to pass a law that adds to those, it has to post reasonable notice. Well, I filed the first complaint here, I think in January of 2008, and it was my understanding from living there and noticing it that they had been doing this for five years without any signs being posted. And about a year after I brought this complaint, I was constantly looking for signs because I was aware of the statute and that's how we brought it. I did see a sign, and I said, well, it's amazing. And I took a copy of it or a photograph of it, and it's included in our arguments. And the thing about that sign is it doesn't prescribe any activity. It just says vehicle subject to fines in the city of Kankakee. It doesn't tell you what the activity is that you'd be in violation of. And plus, the way they posted those signs, if you have a stoplight, and on the other side of the stoplight, down a ways, you'll see those signs when you come into the city. What I'm saying is you look at that sign, and you never get the opportunity to read it because you go and buy it at 30 miles an hour. It's just the way they wanted to put those signs up. So based on that alone, they aren't giving you reasonable notice. But when you actually analyze the sign, it doesn't tell you what the activity is that's being prescribed. It doesn't tell you what, you know, it tells you almost nothing. But they think that that's reasonable notice. And that's one of the issues today. Well, there's two issues. On the first count, the first issue is we have all these, all the individuals who for about five years, they collected money from without ever posting a sign. And then subsequent to that, when they first posted a sign, I think, we're not certain exactly when they ever posted the signs because we never got discovery. We never got any discovery in this case, although we did ask multiple times. Every time we asked, what we had is another motion to dismiss hearing. So I can't tell you exactly when they were posted. I just know that it was approximately five years without seeing a sign. I can't tell you what the revenue pool is because we asked for that and how many tickets they had. I know it's large. I've done quite a few DUIs and driving revokes and every one of them paid an additional fine. Or worse yet, they lost their vehicles. Some of them, if they went to jail, for example, on a DUI and they were in jail a considerable amount of time, they could have lost $20,000 vehicles because they couldn't ever bond them out because they incurred costs of $35 a day. So they get out of jail after 30 days. They have to pay all of this before they get their vehicle and they couldn't do it and they lost their vehicle. So this creates a very substantial hardship for the citizens of the city of Kankakee and anybody passing through there. And basically what it does is it takes a traffic stop and it turns it into a big money situation. And as I say, if they want to do that, they have to give us notice. Reasonable notice and that they have never done. I know one of the arguments that counsel made here for the city is that we didn't give any factual basis for our allegation that the notice isn't reasonable. Well, I think you can just look at the sign itself. Vehicles subject to seizure in the city of Kankakee for violations of section 2280 to 2286. Nobody knows what that is. That's no notice at all. Why even bother posting it? But that's what they did in response to our original complaint here. And incidentally, we did, you know, we amended the complaint to include the before the signed people and the after the signed people and also under the police powers, they're not allowed to take a statute like that and use it to generate revenue. But that's exactly what they're doing here. One of the arguments they make is that the individuals who were stopped and whose vehicles were impounded and had to pay this $500 and lost their vehicle, they didn't pursue their relief. They had an option to do that. They had 48 hours to notify the chief of police or whatever and ask for a hearing. Normally those hearings are just, they don't get relief at the hearings. I don't know the percentage because, again, we never got discovery, but as far as people getting relief at these hearings, they don't get it. But the issue really is, it's on its face. We're saying this is a violation on the face of the statute. Why are we talking about pursuing relief after we've already imposed it on the citizens? Do we know when your client got her ticket? Was it prior to the posting or after? Actually, I believe it was prior. No, it is not, sir. I apologize for that. What I'm saying, though, is I don't think it makes a difference. I think they are required to give us reasonable motives. I understand it's a statute that's very complex. It includes the drive-in revoked without a license, DUIs, etc., etc. But that's not, they still owe notice no matter how complex it was. And I don't think they ever, I don't think it's excusable the notice that's given. So what I am saying is that the arguments I have made should apply regardless of whether the signs were up or not. I know that Judge Winselman, that's the argument he made, well, gee, they got notice. Well, you know, I have a section in my argument covering that area, and as I say, there's no conduct is mentioned at all to impose this fine. So how can you get notice? Who could, the reasonable man has no idea what you're talking about. Is it if you drive a vehicle without a city sticker, or what is it, what is this conduct that's going to get a fine? Nobody knows. The, they also argue this voluntary payment doctrine. They say, you know, every time they came up with one of these theories, and I don't think we should have, I don't think we had to do it, but we did amend the complaint just to move it along. I mean, if you want an argument in there that this money was paid under duress because we had a police officer taking the vehicle, and you needed that vehicle to go to work, so of course you paid for it, they didn't voluntarily pay these monies. I mean, it's kind of, it's not even logical that they made that argument, but we acquiesced, we put it in there, we gave them the correct verbiage that indeed they did pay it under duress. But, you know, that would be an issue at trial. I don't know why we had to amend our complaint to put it in there, but we did. The, you know, and that's an interesting point, because actually we entitled this thing, or I guess it went, it got called a Fifth Amendment complaint. And, you know, the case stretched out for like seven years before we got the hearings, if you would. And actually this is the Fourth Amendment complaint, in actuality, because of this case came up, Jackson v. City of Chicago. And the issue in Jackson v. City of Chicago that I saw was the court was saying, well, you know, you cannot bring a class action on an as-is, if you're suing as-is, it's not facial, so you're not entitled to bring a class action on an as-is complaint. And there's logic there, I think. So we scratched out the word, the only amendment we made was to scratch out as-is and put in facial, because it's prohibitive to bring this complaint to collect $500. And that's what they want us to do. But it's the same, it's the legal theory, if you would, all these plaintiffs had the same theory, and we're not, this is not any type, this is not contrary to tort reform act, it's money they've taken from us because they imposed the statute, they didn't have the right to do it. Thank you. The other issue, judges, even if you were to say that's not correct at all, and I don't think you should, but if you did, you can also look at the unlawful use of police power to produce revenue, that's exactly what they did here. The city pays nothing, maybe whatever it costs to print up this slip they give people to, that they have 48 hours, I don't know, that must be pennies, but that's the only expense. If you're handing out, if you're handing out so many tickets and you've got to give them another two-cent piece of paper, that's their expense. And maybe you could allocate some time for the police officer to write this out as a cost, but that's it, and you're collecting $500 for that? That's absolutely police power to produce revenue because there's nothing, I don't see it being related to health, safety, or general welfare. I mean, we have our, as I say, we have our traffic regulations, if you want to add to it, fine, nobody's arguing it, you can't, but give us notice. I think this is, the whole case, quite frankly, is laid out fairly well in our complaint, exactly what we're asking for. I know the city has gone through some, and Judge Winsome has made, basically Judge Winsome has made the arguments for them at the end, and they were really a collage of all the old arguments that were already knocked down, he simply re-raised them, and I did not, I must admit, I did not ask him to reconsider that time, because I was scared he would move this case along. We were never going to get seven years and we couldn't get a resolution, we couldn't get discovery, we needed that, we needed something. So, thank you, unless you have a question. Thank you, Mr. Rooge. Thank you. Good morning, Your Honor. My name is Patrick Fowler, I represent the Appellee City of Kingpin Key. Your Honor, this appeal comes before this court as a result of a decision by the Circuit Court dismissing their Fifth Amendment complaint with prejudice. That defines the issues here, that order. The case was filed in 2008 early, and the order to dismiss the matter with prejudice was entered on May 12, 2014. So, at that point, based upon the court's decision, there still had not been a complaint that would stand legal muster filed by the plaintiff in this case. The memorandum decision of May 12, 2014 was based upon two basic propositions. One, and the most important one, I think, is the fact that based upon the Jackson v. City of Chicago case, which I had attached to my memorandum, it was dispositive of the facially unconstitutional issue raised by counsel. And I think there's no question that Jackson v. City of Chicago disposed of that issue. If you read that case, and I'm sure you have, you will note that the ordinance in question in Chicago was fundamentally the same ordinance that was in effect in the City of Kingpin Key. And it was upheld in the Jackson case. Now, the Jackson case, since the Jackson case, well, the Jackson case was first cited, actually mistakenly by me, to the Circuit Court at the time it was a Rule 23 order. They since published it without the limitations of Rule 23. Since the entry of that judgment, there have been several cases following the Jackson case, which are important and relevant to the issues in this case. Because the analysis of those cases, I think, support the decision of the Circuit Court judge in finding that the facial issue has been determined. Jackson was cited by Carter v. Alton, which is a 2015 case. And in that particular case, the appellate court for the, I'm not sure which district, I think it was the second, but in any event, found that several impoundment ordinances for Alton and several other cities and villages were unconstitutional because they impounded cars and assessed an administrative fee. The court went in analysis at length, distinguishing between a fee and a fine. And they found all four of those municipalities' ordinances had fees which didn't rise to the level of fines. The Jackson case was also cited by Sloper v. Chicago, which is a first district case. Sloper v. Chicago used the same analysis, the fine versus fee, and determined that the city of Chicago's ordinance was valid because it imposed an administrative penalty. Those were the words used in the ordinance. And the intent is clear in interpreting that ordinance that the term penalty is clear. It's intended to impose a penalty on the violator, and it's a fine, subjecting the ordinance to a totally different analysis. Under the fee analysis, the court looks at the actual costs of administrating the program. That has to be shown. Under the fine analysis, the only issue is, is it excessive? Does it bear any reasonable relationship to the thing it's trying to deter? Excessive is the key issue. And they found that indeed it was not in Sloper v. Chicago, again citing Jackson, and again interpreting the same case, the same ordinance in Chicago. The key there is the ordinance imposed an administrative penalty. Now, I refer the alliance to our ordinance, and it talks in terms of an administrative penalty not to exceed $500 plus any towing, storage fees, etc. Almost identical to the Chicago case. The wording is, couldn't be any closer without utilizing the, just totally copying it. Therefore, it was our conclusion, and is our conclusion, that Jackson v. City of Chicago, and this progeny, which I've cited, and there are several others. There are some more 23 cases all over the place. Obviously, I can't cite those, but there may have been some in front of this court. It supports the decision of this court that the court, the cop relating to facial invalidity constitutionally can't be found. That's basically what they found, that Jackson was dispositive. With regard to the issue of no notice, first of all, counsel cites in support of his position that there was no notice of the law. He cites 65 ILCS 511-207 of the traffic code, which requires that if a local municipality passes an ordinance inconsistent with the traffic code, state traffic laws, they got busted. He glosses over the fact that this law is not inconsistent at all with the traffic cases. It says, if you drive a vehicle in the city of KPT, while your license is suspended, revoke DWI, your vehicle will be impounded, and you will be assessed an administrative penalty of up to $500. That is not inconsistent with any state statute. I cite to the court, and therefore not in violation of the statute, cited by counsel withdrawing posting. So there's no requirement of posting. And I would cite Rockford v. Floyd, this is 104 Illinois Impelled Second, 161, in support of that proposition, which cites Village of Cherry Valley v. Schulke, which is 46 on the way up, 391. Both of them conceded ordinances which amended in some regard the state statute, but they were found not to be inconsistent. And if they're not inconsistent, $65 CS 511-207 doesn't apply. And it's our position it doesn't apply. We don't have to post anything. But the important thing in regards to the decision of the judge is that after considering five complaints in this case, there still was an issue of whether or not the posting took place before or after the complaint was filed. And all we're looking at are the pleadings, notwithstanding counsel's representations outside the pleadings. Also, I point out to the court, this is a class action suit. It's fundamental, basic, axiomatic in a class action suit that the representative claimant must state a clear cause of action on his own behalf before he's entitled or she's entitled to represent a class. Never happened in this case. It's talked about specifically in the judge's decision. There was never a cause of action claimed for Ms. McGrath or Mrs. McGrath. Therefore, everything before class was determined, she had no standing, and the case itself would fall because any class action has to have a representative claimant. With regard to the issue of with pledges, that should only happen in rare cases. I won't deny that, and the court was aware of that. You know, this was all brought to a 619 rather than a 615. I'm sorry? The motion to dismiss was a 619. It was a 619. Not a 615 motion. That's correct. That's correct. What was the affirmative matter that dismissed the complaint? The Jackson case? The failure to state a cause of action on behalf of the representative claimant? Still doesn't. If you read the complaint, it still doesn't. And in supporting his position, Judge Lonson incited Westfield and Chivas v. Berkey and said after five or after six years, it's not likely you're going to file a complaint, especially based upon the Jackson. With regard to the posting, it seems to me it was clear that the statute cited, that is 511-207, is irrevocable. It doesn't refer to the posting issue. Well, yeah, he did refer to the posting issue. He said basically, assuming that that would be a valid claim, you've got to say that it was posted after she got the ticket. That's never alleged. It was never alleged. In five complaints, it was never alleged. With regard to the class action issue, you know, counsel can complain about no declaration of the class, but again, the statute's very clear. It's his class action. He has the duty to bring the motion up before the court to determine the class. He never did that. If your honors would look at the record, I finally, your honors have looked at the record, but I will point out to you, I finally filed a motion to determine the class, which we never got to because of the dismissal of the 50-minute complaint with prejudice. So if you have some questions, that's all I have to say. That's all. Thank you, Mr. Power. Thank you. Mr. Rich, any rebuttals? Yes. Five minutes. Sir, when you look at 511-207 in the vehicle code, it talks about local authorities may, however, adopt additional traffic regulations, and that's what this is, an additional traffic regulation, which are not in conflict with the provisions of such chapter. Yeah, I put it in bold, but such regulations shall not be effective until signs giving reasonable notice thereof are posted. So that's exactly what they did. Did they put up an additional traffic regulation? Are they imposed an additional traffic regulation upon the citizens? They never posted signs. You bring it to their attention, and they sneak the signs up. We have asked them in discovery, when did you start posting these signs? I don't know. He's absolutely right. They did ask to certify the class, and I asked for a default because years have gone by, and they've never given us discovery. They haven't told us the size of the class. I know they have these computer runs of the money they make off of it and all the people that are charged. We want that. That's the class. They've kept track of it. I have no idea how big that class is. I don't know the pot of money. I don't know the size of the class. They have never given us any discovery. I don't know when the first sign went up. I don't know when they finished putting the signs up. I don't know who put them up. I don't know how they got to the wording on the sign. As I say, when it came to his motion to certify the class, I asked for a default. I think I'm entitled to that discovery, and I thought it was kind of sad that we couldn't get that discovery in all those years. That's why I never opposed that last motion to dismiss. It wouldn't have gotten us anywhere. I thought the quicker we get here, at least we'll get some resolution. You did not ask to re-plead? I did not ask them to reconsider it, no. I had asked them every other time, and we did re-plead. I didn't ask them that last time because he said no anyway. There was dramatic periods of inactivity after you'd file a motion before we would get a resolution, and how long are we going to wait for this? Basically, the argument about it, we needed the additional traffic regulations. That's the whole issue, quite frankly. He talks about Jackson v. The City of Chicago. Right out of his face, Jackson v. The City of Chicago, it's a controlled substance and marijuana case. We have all kinds of statutes dealing with forfeiture statutes dealing with controlled substance and marijuana. That was nothing new. There is no ordinance like we have in the vehicle code that says you can't do this unless you post additional signs. Where does he show us that? He doesn't. That's the big difference. Jackson factually should not even be an issue here. He just skips over the fact of what the underlying issue was, the drugs. Again, he talks about the size of the fee, or is it a fine, things like that. We asked him for this. How much money are you making, and what does it cost you? If these people are paying, they're paying the towing, they're paying $35 a day to store their car out in some field when it basically costs nothing. I mean, they have gone, this statute is much worse than the $500 we're asking for. The citizens out there, they're paying a ton of money to storage companies. There's two or three storage companies who have gotten absolutely rich off of this statute, and I don't understand it. Why can't, if the city wants to go ahead with something like this, like in Chicago, you don't pay these $35 a day and end up with hundreds and hundreds of dollars in storage fees. It's the city lot in Chicago. Here you're paying some stranger $35 a day to park in a farm field. None of it makes sense. One minute. Just let me... You're right, Judge. He talks about failure to state a cause of action. It's 2615, not 2619. I think I've said it all. I think if I haven't said it, I think it's included in here. I think the people who are getting penalized by this are the people who can least afford it. They're the working class. And they get a vehicle taken. They cannot pay that money, and those fines just continue rolling upward and upward. A lot of money is being made off of these people, and there's a lot of hardship here. So I thank you, Your Honor. Thank you, Mr. Ritz. Thank you both for your argument today. We'll take this matter under advisement. Thank you.